Joshua S. Evett
Joseph N. Pirtle
ELAM & BURKE, P.A.
251 East Front Street, Suite 300
Post Office Box 1539
Boise, Idaho 83701
Telephone: (208) 343-5454
Facsimile: (208) 384-5844
jse@elamburke.com
jnp@elamburke.com
Evett - ISB #5587
Pirtle - ISB #6973

Attorneys for Plaintiff Kenneth A. Fuller

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| KENNETH A. FULLER<br><br>Plaintiff,<br><br>v.<br><br>LYNN NELSON, RUTH FULLWILER, JOHN ADAMS, NANCY LUEBBERT, TIM GRESBACK, MAY MOORELAND, DAN ENGLISH, FREDRICK LYON, C.A. WOLD, and TOM BEAUCLAIR<br><br>Defendants. | Case No. CV04-329-N-EJL<br><br>AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff Kenneth A. Fuller, and for a cause of action against Defendants complains and alleges as follows:

I.

The jurisdiction of this case is invoked pursuant to 28 U.S.C. § 1343, in that it arises under 42 U.S.C. § 1983, statutes of the United States.

II.

Plaintiff, Kenneth A. Fuller, has at all times material herein resided within the State of Idaho. Plaintiff is informed and believes, and thereon alleges, that the individual Defendants were, at all times material, residents of the State of Idaho.

III.

At all times material, the Honorable James F. Judd was acting under color of state law in performing his duties as a District Judge in the First Judicial District of Idaho.[1]

IV.

At all times material, Lynn Nelson was acting in his professional capacity as the Kootenai County Public Defender.

V.

At all times material, John Adams and Ruth Fullwiler were acting in their professional capacity as a Deputy Public Defenders for Kootenai County.

VI.

At all times material, Tim Gresback was acting in his professional capacity as the Conflict Public Defender for Kootenai County.

---

[1] Judge Judd is not named as a party to this action consistent with this Court's order. However, Judge Judd is mentioned throughout this Amended Complaint in reference to his acting under color of state law and conspiring with others to deny Plaintiff access to the courts in violation of the First and Fourteenth Amendments of the U.S. Constitution.

VII.

At all times material, Dan English was acting in his professional capacity as the Clerk of the Court for Kootenai County.

VIII.

At all times material, May Mooreland was acting in her professional capacity as a Deputy Clerk for Kootenai County.

IX.

At all times material, Nancy Lubbert was acting in her professional capacity as Plaintiff's appellate attorney regarding post-conviction relief.

X.

At all times material, C.A. Wold was acting under color of state law in performing his duties as an Investigator for the Idaho State Bar.

XI.

At all times material, Frederick C. Lyon was acting in his professional capacity as the Clerk of the Idaho Supreme Court.

XII.

At all times material, Tom Beauclair was acting in his professional capacity as Director of the Idaho Department of Corrections.

XIII.

Plaintiff was charged with the crime of Burglary in Kootenai County Criminal Case No. CRF 96-2713. Arraignment was held on May 21, 1996, at which time Plaintiff was represented

by the Kootenai County Public Defender's Office. During arraignment Plaintiff attempted to terminate his representation by the Kootenai County Public Defender and proceed *pro se*. The Honorable James F. Judd, District Judge, First Judicial District, State of Idaho, questioned Plaintiff regarding his choice to proceed *pro se*. At the conclusion of the questioning, Judge Judd continued the matter to allow the Public Defender's office an opportunity to file a motion to withdraw from representation.

XIV.

On May 28, 1996, Judge Judd continued to question Plaintiff regarding his choice to proceed *pro se*. Judge Judd concluded that Plaintiff was competent to represent himself and accepted his plea of not guilty.

XV.

Later that same day, the Public Defender's Office was reassigned to Plaintiff's case. A pretrial conference was held on July 12, 1996, at which time Plaintiff, represented by Lynn Nelson ("Nelson"), agreed to plead guilty to the burglary charge. After questioning Plaintiff, Judge Judd continued the matter until a competency evaluation could be performed.

XVI.

On July 26, 1996, Judge Judd accepted Plaintiff's guilty plea and set the case for sentencing. Judge Judd imposed a sentence of ten years, two years of which were fixed and determinate on August 21, 1996. Judge Judd notified Plaintiff and Nelson that Plaintiff had 42 days from August 21, 1996 to file an appeal of the sentence. Therefore, the last day to file an appeal was October 2, 1996.

XVII.

Beginning in 1996 and continuing to the present, the above named Defendants agreed and conspired with Judge Judd to associate and combine for the purpose of denying Plaintiff adequate access to the courts of the State of Idaho and a direct appeal from the sentence imposed in Kootenai County Criminal Case No. CRF 96-2713.

XVIII.

In doing the acts hereafter alleged, each of the above-named Defendants acted as the agent for and on behalf of Judge Judd and the other Defendants, and in furtherance of the above-described conspiracy.

XIX.

At the continued arraignment hearing on May 28, 1996, Judge Judd coerced Plaintiff into accepting the reappointment of the Kootenai County Public Defender's Office. To accomplish this, Judge Judd notified Plaintiff of the maximum punishment for the crime of burglary and stating that he was against the idea Plaintiff proceeding *pro se*.

XX.

Following Judge Judd's reappointment of the Kootenai County Public Defender's Office, Nelson refused Plaintiff's request to investigate possible defenses to the burglary charge. Specifically, Nelson informed Plaintiff that the defense of diminished capacity was inapplicable to the intent element in Plaintiff's case. Nelson then refused Plaintiff's initial request to challenge the validity of Dr. Marie Parkman's psychological evaluation, which found Plaintiff to be competent and able to assist in his defense.

XXI.

Judge Judd found Plaintiff to be competent as a result of Nelson's failure to object to Dr. Parkman's evaluation. Only after Judge Judd found Plaintiff to be competent did Nelson request that Plaintiff undergo a 28-day evaluation at the State Hospital North in Orofino, Idaho. In furtherance of the above-described conspiracy, Judge Judd refused to treat Nelson's request as a challenge of the first evaluation under *Idaho Code* § 18-212(1). At that point, Plaintiff was entitled to a hearing where he could cross-examine Dr. Parkman and challenge her findings. However, Judge Judd and Nelson conspired to deny Plaintiff this hearing. Such denial was a violation of Plaintiff's constitutional right to due process of law. As a result of this conspiracy between Nelson and Judge Judd, Plaintiff was forced to enter into an adverse plea agreement with the State of Idaho.

XXII.

Plaintiff sent Nelson an Inmate Request Form on September 22, 1996, requesting Nelson to file an appeal of the conviction. On the same day, Plaintiff also sent an Inmate Request Form to the Clerk of the Court, indicating his intention to appeal the conviction. On September 23, 1996, May Mooreland ("Mooreland") filed the request addressed to the Clerk of the Court. However, in furtherance of the above-described conspiracy, Mooreland failed to forward the Inmate Request Form to the Idaho Supreme Court. In addition, Mooreland failed to provide notice to Plaintiff as to why his requested appeal was not forwarded.

XXIII.

On September 24, 1996, in furtherance of the above-described conspiracy, Nelson filed a notice of withdrawal, falsely stating that the time for appeal had expired and that there were no

proceedings pending. This was erroneous because Plaintiff had requested Nelson to appeal the conviction and eight days remained for Nelson to file an appeal on Plaintiff's behalf. Thus, Nelson's withdrawal from the case did not comply with *Idaho Criminal Rule* 44.1 and was therefore, wrongful.

XXIV.

Following Nelson's wrongful withdrawal from the case, Plaintiff was no longer represented by counsel. Nevertheless, John Adams ("Adams"), in an apparent attempt to conceal Nelson's wrongful withdrawal, erroneously asserted that the Kootenai County Public Defender's Office continued to represent Plaintiff. On December 10, 1996, Adams filed a substitution of counsel, indicating that Tim Gresback ("Gresback"), Conflict Public Defender for Kootenai County, would be representing Plaintiff. This act was wrongful because the Kootenai County Public Defender's Office had no standing to file any documents on Plaintiff's behalf following Nelson's withdrawal from the case.

XXV.

Gresback informed Plaintiff by letter dated January 24, 1997 that it did not appear that Nelson filed an appeal on Plaintiff's behalf and that Plaintiff's only option was to file a petition for post-conviction relief alleging ineffective assistance of counsel. On April 8, 1997, Gresback again wrote to Plaintiff indicating that post-conviction relief was Plaintiff's only option. In furtherance of the above-described conspiracy, Gresback stated that Plaintiff need only write to Judge Judd and request that he appoint counsel for the post-conviction case.

XXVI.

Plaintiff requested Judge Judd to order the preparation of transcripts for all relevant proceedings in Kootenai County Criminal Case No. CRF 96-2713. In furtherance of the above-described conspiracy, Judge Judd denied this request, stating that Plaintiff had not filed a state action for post-conviction relief.

XXVII.

On August 11, 1998, Plaintiff mailed two state *habeas corpus* petitions, a motion for the preparation of transcripts, and a motion for appointment of counsel to the Kootenai County District Court for filing. In furtherance of the above-described conspiracy, Dan English ("English"), Clerk of the Court for Kootenai County, failed to file these documents, nor did he arrange for the preparation of the requested transcripts. Additionally, English failed to notify Plaintiff that there were any defects in the filings. On September 19, 1998, Plaintiff sent a letter to the court inquiring about the filings. However, English refused to respond to the letter.

XXVIII.

Ruth Fullwiler ("Fullwiler") was appointed to represent Plaintiff during his petition for post-conviction relief on September 22, 1999. On that same day, and in furtherance of the above-described conspiracy, Judge Judd issued a Notice of Intent to Dismiss claiming that Plaintiff's petition for post-conviction relief was barred by the statute of limitations. Such notice was erroneous because the State had not yet raised the affirmative defense of statute of limitations in a responsive pleading. Furthermore, Plaintiff's allegations in the petition raised issues of material fact, precluding dismissal by Judge Judd. Accordingly, Judge Judd's sua

sponte dismissal was wrongful and violated Plaintiff's constitutional right to due process and access to the courts.

XXIX.

Prior to Judge Judd's sua sponte dismissal of Plaintiff's petition for post-conviction relief, Plaintiff requested Fullwiler to file copies of Gresback's letters as evidence of Gresback's improper instructions regarding how to proceed with post-conviction relief. In furtherance of the above-described conspiracy, Fullwiler refused to follow Plaintiff's requests and failed to file the letters.

XXX.

Sometime in November of 1999, Plaintiff was transferred to a private out-of-state prison, making face-to-face contact with Fullwiler virtually impossible. On November 29, 1999, Plaintiff informed Judge Judd that he was firing Fullwiler on the grounds of misrepresentation. Plaintiff also forbid Fullwiler from filing his petition without amending it to argue "excusable neglect." In furtherance of the above-described conspiracy, Judge Judd allowed Fullwiler to continue in the case, despite Fullwiler's failure to amend the petition.

XXXI.

It was originally anticipated that the State Appellate Public Defender's Office would represent Plaintiff during the appeal of Judge Judd's sua sponte dismissal of Plaintiff's petition for post-conviction relief. However, due to English's failure to provide the requested transcripts, Plaintiff's case was assigned to Richard Hansen ("Hansen"). Hansen transferred the case in approximately late August of 2000 to Nancy Lubbert ("Lubbert"), who began representing Plaintiff as an appellate attorney regarding the denial of his petition for post-conviction relief. In

furtherance of the above-described conspiracy, Lubbert adamantly refused Plaintiff's request to argue that a conspiracy existed to deny Plaintiff access to the courts. On April 5, 2001, Lubbert filed a motion to withdraw as counsel. This delayed Plaintiff's case an additional eight months.

XXXII.

In approximately February, 2001, Plaintiff filed complaints against Nelson, Adams, Gresback, and Fullwiler with the Idaho State Bar. C.A. Wold ("Wold"), acting under color of state law as an Investigator for the Idaho State Bar, failed to investigate the allegations set forth in the complaints. On February 3, 2004, Plaintiff again filed complaints against Nelson, Adams, Gresback, and Fullwiler. However, Wold failed to acknowledge receipt of the complaints and no investigation was undertaken.

XXXIII.

On April 8, 2002, Plaintiff filed an amended notice of appeal with the Idaho Supreme Court. The Clerk of the Court, Frederick Lyon ("Lyon"), in furtherance of the above-described conspiracy, refused to file the amended notice. Lyon's refusal added to the delay of Plaintiff's case.

XXXIV.

Plaintiff filed a writ of *habeas corpus* in the Federal District Court for the District of Idaho in 2002. On January 3, 2003, the State of Idaho filed a motion to dismiss Plaintiff's case on the basis that Plaintiff was in violation of the AEDPA statute of limitations. At that time, Plaintiff was housed at the Idaho Correctional Center which had no legal materials with which Plaintiff could use to defend against the motion to dismiss. Tom Beauclair ("Beauclair"), as the Director of the Idaho Department of Correction, should have made legal materials available

knowing that Plaintiff had pending legal maters which he was handling *pro se*. Beauclair's failure to provide the specific legal materials necessary to determine the applicable law regarding federal tolling caused Plaintiff's *habeas* proceeding to be erroneously dismissed. Additionally, Beauclair's policy of forbidding paralegals from assisting inmates with legal research contributed to the dismissal of Plaintiff's petition.

XXXV.

As a direct and proximate result of the above-described conspiracy by Defendants, Plaintiff was denied a direct appeal from the conviction entered in Kootenai County Criminal Case No. CRF 96-2713. This amounted to a deprivation Plaintiff's constitutional rights protected by the First and Fourteenths Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury in accordance with the provisions of Rule 38 of the Federal Rules of Civil Procedure.

WHEREFORE, Plaintiff requests judgment for:

1. An order from the Court finding that the Defendants violated Plaintiff's rights under the First and Fourteenth Amendments to the Constitution of the United States.

2. An order reinstating Plaintiff's right to appeal the conviction in Kootenai County Criminal Case No. CRF 96-2713 to the Idaho Supreme Court.

3. Compensatory damages in an amount to be determined at trial.

4. Nominal damages in an amount deemed appropriate by the Court.

5. Such other and further relief as the Court deems just.

DATED this 2nd day of November, 2005

ELAM & BURKE, P.A.

By ______________________

Joshua S. Evett, of the Firm
Attorneys for Plaintiff